

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-24-00242-CR

───────────────────────

MARIO ZAMORA JR., Appellant

V.

THE STATE OF TEXAS

───────────────────────

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1830890

───────────────────────

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Mario Zamora Jr. appeals his convictions—aggravated sexual assault of a child and indecency with a child by sexual contact—for sexually abusing K.Z.[1] *See* Tex. Penal Code Ann. §§ 22.021; 21.11. K.Z. was younger than fourteen years of age when Zamora perpetrated his acts of sexual abuse, but she was fourteen years of age when she outcried to her mother and a forensic interviewer.

At trial, the State sought to have K.Z.'s mother and the forensic interviewer testify about the "outcry" statements that K.Z. had made to them. Zamora objected and argued that Article 38.072 of the Texas Code of Criminal Procedure—the Texas outcry statute—requires that the child victim be younger than fourteen years of age when the outcry is made, and thus, testimony about any outcry statements would be inadmissible hearsay. *See* Tex. Code Crim. Proc. Ann. art. 38.072; Tex. R. Evid. 802 (rule against hearsay). The trial court overruled his objection and permitted the witnesses to testify about K.Z.'s outcry statements.

In a single issue, Zamora complains that because K.Z. was not younger than fourteen years of age at the time of her outcry, the trial court erred in overruling his objection to the improper outcry testimony. Because a child victim's age at the time

---

[1]We use initials to protect the victim's anonymity. *See* Tex. R. App. P. 9.10(a)(3); *see also McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

of the offense—not her age at the time of the outcry—is the relevant measure for the purposes of Article 38.072, we will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, K.Z.—then fourteen years of age—outcried to her mother, D.M., that Zamora had sexually abused her on multiple occasions. K.Z. told D.M. that she was eleven or twelve years of age the first time that Zamora had sexually abused her. K.Z. proceeded to describe several other instances of sexual abuse that Zamora had perpetrated against her.

K.Z. was then interviewed by a forensic interviewer. In that interview, K.Z. provided more details about the various incidents of sexual abuse. K.Z. further clarified to the forensic interviewer that she was twelve years of age when Zamora had first sexually abused her.

Zamora was subsequently indicted for several offenses, including continuous sexual abuse of a young child and several counts of aggravated sexual assault of a child and indecency with a child by sexual contact.

The case was called to trial in July 2024, but prior to opening statements, Zamora moved to suppress the outcry statements that K.Z. had made to D.M. and the forensic interviewer. Zamora argued that for Article 38.072 to apply as an exception to hearsay, K.Z. had to be younger than fourteen years of age. More specifically, he contended that because K.Z. was not younger than fourteen years of age at the time she made her outcry, Article 38.072 was not applicable, as "she was

3

too old to be qualified under this specific hearsay exception." Zamora stipulated that K.Z. was fourteen years of age at the time of her outcry but maintained that because of her age, D.M. and the forensic interviewer could not testify as outcry witnesses.

The State argued that, for the purposes of Article 38.072, the relevant age of the child victim is at the time of the offense—not at the time of the outcry. The State explained that at the time of these offenses, K.Z. had been between eleven and thirteen years of age,[2] and thus, she had been younger than fourteen years of age, and Article 38.072 should apply. The State further argued that Article 38.072 was amended in 2023, which increased the Article's minimum age for outcries from younger than fourteen years of age to younger than eighteen years of age and that the amended Article was retroactive to cases that had not yet gone to trial.[3] The State asserted that under both the previous and 2023 version of Article 38.072, K.Z.'s outcry statements to D.M. and the forensic interview were admissible.

In response, Zamora explained that the legislative intent of the amended Article was "to be applied to the date of which the outcry is made." After hearing arguments regarding the statute's legislative history and intent, the trial court denied

---

[2]When asked by the trial court, Zamora's attorney agreed that K.Z. had been younger than fourteen years of age at the time of the offenses.

[3]The State contended that Article 38.072—as amended—became effective on September 1, 2023, and that it applies to the admissibility of evidence in a criminal proceeding that commences on or after its effective date. The State asserted that because the trial commenced in July 2024, Article 38.072's 2023 amended version should control.

Zamora's motion to exclude D.M. and the forensic interviewer as outcry witnesses. The trial then proceeded, and several witnesses testified,[4] including D.M. and the forensic interviewer as outcry witnesses.[5]

The jury found Zamora guilty of one count of aggravated sexual assault of a child and one count of indecency with a child by sexual contact, and it assessed his punishment at nine years' and four years' confinement on each respective count.[6] The trial court sentenced Zamora accordingly and ordered his sentences to run consecutively. Zamora then brought this appeal.

## III. DISCUSSION

Zamora contends that because K.Z. was not younger than fourteen years of age at the time of her outcry, Article 38.072 did not apply, and D.M. and the forensic interviewer should not have been permitted to testify as outcry witnesses. Ultimately, he desires for this court to inject his interpretation of the legislature's intent, which we refuse to do. We have previously discussed this very issue in *Wilbanks v. State*, and Zamora has not cited any authority or articulated a reason that compels a departure

---

[4]A sexual assault nurse examiner (SANE) also testified about K.Z.'s examination and narrative. Zamora does not allege that the SANE is an outcry witness or that her hearsay statements should have been excluded.

[5]Because Zamora's sole appellate issue is limited to a matter of statutory interpretation, we need not detail the sexual acts to which the witnesses testified.

[6]Zamora was indicted on eight various counts of child sexual abuse. The jury found him guilty of two counts but not guilty of the remaining six counts.

5

from our prior holding.  No. 02-16-00305-CR, 2018 WL 472907, at *9 (Tex. App.—Fort Worth Jan. 18, 2018, pet. ref'd) (per curiam).

## 1.  Standard of Review and Applicable Law

We interpret terms used in the Texas Code of Criminal Procedure in accordance with "their usual acceptation in common language, except where specially defined."  Tex. Code Crim. Proc. Ann. art. 3.01.  "In interpreting the text of the statute, we must presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Watkins v. State*, 619 S.W.3d 265, 272 (Tex. 2021).

In cases involving certain sexual offenses against children, Article 38.072 provides an exception to the hearsay rule for testimony by outcry witnesses when specific requirements are met.  Tex. Code Crim. Pro. Ann. art. 38.072.  One such requirement is that the child victim must be under a certain statutory age.  The Texas legislature has amended this statute several times, most recently in 2023.

The 2011 version, which was effective at the time that these offenses were committed, provided that "[t]his article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child younger than 14 years of age . . . ."  Act of April 21, 2011, 82nd Leg., R.S., ch. 1, § 2.07, 2011 Tex. Gen. Laws 1, 5 (amended 2023) (current version at Tex. Code Crim. Proc. Ann. art. 38.072).  The 2023 version provides that the Article "applies to a proceeding in the prosecution of an offense under [applicable]

6

provisions of the Penal Code, if committed against a child younger than 18 years of age . . . ." Tex. Code Crim. Proc. Ann. art. 38.072.

## 2. Article 38.072—Outcry Statute

Zamora's argument is two-fold. First, he asserts that Article 38.072 should not have applied to K.Z. because she was not younger than fourteen years of age at the time of her outcry. Second, he claims that there was an improper admission of hearsay evidence because the trial court permitted two outcry witnesses to testify.

Zamora contends that the 2011 version of Article 38.072 should govern, requiring that K.Z. be younger than fourteen years of age in order for Article 38.072 to apply. But, irrespective of whether we apply the 2011 or 2023 version of Article 38.072, Zamora's argument lacks merit because he seeks to impose a standard that is not contained in the statute.[7]

Zamora, like several appellants before him, argues that the legislative intent for Article 38.072 was for child victims to be younger than the specified age at the time of their outcry. This argument is unsupported by Article 38.072's common language and by legal precedent. *See* Tex. Code Crim. Proc. Ann. art. 3.01.

---

[7]Contrary to Zamora's argument for a more restrictive interpretation of Article 38.072, the 2023 version has expanded its application. Although it is not a factor in our analysis of this case, if we were to look at the legislature's intent, it cuts against Zamora's argument. In cases involving certain sexual offenses against children, it appears that the legislature's intent is to broaden Article 38.072's applicability—not confine it.

This court, along with several others, has held that the applicability of Article 38.072 is measured by the child victim's age at the time of the offense—not the child victim's age at the time her outcry statement is made. *See, e.g., Wilbanks*, 2018 WL 472907, at \*9; *Eldred v. State*, 431 S.W.3d 177, 183 (Tex. App.—Texarkana 2014, pet. ref'd) (holding that outcry made when victim was fourteen years old was admissible because offense was committed when victim was younger than fourteen years old); *Salas v. State*, No. 04-12-00015-CR, 2013 WL 1148925, at \*2 (Tex. App.—San Antonio Mar. 20, 2013, pet. ref'd) (mem. op., not designated for publication) (same); *Alejo v. State*, No. 03-10-00436-CR, 2011 WL 3659309, at \*4 (Tex. App.—Austin Aug. 19, 2011, no pet.) (mem. op., not designated for publication) (same); *Olivera v. State*, No. 05-08-00527-CR, 2009 WL 3740781, at \*7 (Tex. App.—Dallas Nov. 10, 2009, pet. ref'd) (not designated for publication) (same); *see also Harvey v. State*, 123 S.W.3d 623, 627–29 (Tex. App.—Texarkana 2003, pet. ref'd).

Zamora has conceded both at trial and on appeal that K.Z. was younger than the age of fourteen at the time of the offenses in this case. K.Z. was between eleven to thirteen years of age when Zamora sexually abused her, and thus, she was younger than fourteen years of age at the time of the offenses. Therefore, because the applicability of Article 38.072 is based on the child victim's age at the time of the offenses and because K.Z. was younger than fourteen years of age at the time of the offenses, we conclude that K.Z.'s outcry statements were admissible under Article 38.072 and that the trial court's denial of Zamora's motion to exclude outcry

testimony was not erroneous.  We reaffirm our holding in *Wilbanks* that Article 38.072 is governed by the child victim's age at the time the offense is committed.  *See* 2018 WL 472907, at *9.  Accordingly, we overrule Zamora's sole issue.

## IV.  CONCLUSION

Having overruled Zamora's sole issue, we affirm the trial court's judgments.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 7, 2025